White, J.
Two questions arise in this case. The first is, whether the plaintiff’s right of action is merged in the crime committed in the taking and conversion of his *465 property; or rather, according to the more modern doctrine in England, is suspended until the determination of a criminal prosecution against the offender.
A great diversity of decision is found in regard to this doctrine in the different States. In some it is recognized in a modified form, while in others its existence is denied.
In the case of the Boston and Worcester R. R. Co. v. Dana (1 Gray, 83), it is held, by the supreme court of Massachusetts, that the doctrine of the English law, that for goods stolen no action lies against the felon before the institution of criminal proceedings against him, is not in force in that State. And in the lucid and elaborate opinion of Bigelow, J., the weight of American authority is stated to he in accordance with the conclusion arrived at in that case.
In this State we have no common-law offences; and looking to the origin of the rule, and the reasons upon w'hich it is. founded, in connection with the policy of our system of criminal jurisprudence, we regard its adoption here as unnecessary for the -purpose of public justice, and, in the absence of legislation to the contrary, as an unwarranted restriction upon the rights of the citizen.
The next question is, whether the fact that the money was taken under circumstances making the act larceny, and that the defendant concealed his guilt from the plaintiff, prevented the running of the statute of limitation^.
The statute governing this case provides that an action for taking, detaining, or injuring personal property can only he-brought within four years after the cause of action shall have-accrued. The statute contains the further provision, that in; an action for relief on the ground of fraud, the cause of action shall not be deemed to have accrued until the discovery of the fraud.
In many of the States the statute contains a provision, that the fraudulent concealment by the defendant of a cause of action, from the knowledge of any person entitled thereto extends the time of bringing the action for the period of limitation after the discovery. Mass. Rev. Statutes, c. 120, sec. *466 12; Maine Rev. Statutes, c. 146, sec. 18; 2 G. & H. (Statutes of Ind.), p. 162, sec. 119.
But the statute of this State contains no such provision. Its operation is made to depend upon the nature of the cause of action, and not upon the time of its discovery.
Accordingly it was held, in Fee's Adm'r v. Fee (10 Ohio, 469), that a replication setting up the fraudulent concealment of the cause of action was no answer to the plea of the statute.
A similar ruling has been made by. the court of exchequer in England. The Imperial Gaslight & Coke Co. v. The London Gaslight Co., 26 Eng. Law and Eq. 425. See also Hunter v. Gibbons, 1 Hurl. & Nor. 459.
In the case last named, which was an action of trespass or trespass on the case, the plaintiff, to a plea of the statute of limitations, was not allowed to reply as an equitable answer, under sec. 85 of the common-law procedure act of 1854, that the trespasses were underground, and had been fraudulently concealed from the plaintiff till within the period of limitation before suit.
Pollock, C.B., said: “ If a man could reply to a plea of the statute, that his debtor had prevented him from suing by fraud, the equitable replication would be as common as the promises of payment which people used to prove before Lord Tenterden’s act.”
And in the opinion of Watson, B., it was said: “ The eighty-fifth section empowers the plaintiff to reply ‘facts which avoid the plea upon equitable grounds.’ The plaintiff must, therefore, show clearly what the equity is, and such facts as will support the equitable answer. I want to see .some authority to show, that if there is fraudulent concealment of trespasses, the plaintiff has an equity to prevent the :statute from being set up; but it appears to me that as the action is for damages, a court of equity would not interfere.”
It is, however, claimed on behalf of the plaintiff that the • case comes within the clause governing actions “for relief on ¡the ground of fraud.”
But the action is not brought for relief on the ground of *467 fraud. The gist of the action is not fraud, but the taking of property by force, in respect to which, as constituting a cause of action, the intent with which the act was done is not material.
The terms “relief on the ground of fraud,” are derived from courts of equity; and while we do not say that the clause of the statute in question, under the remedial system of the code, is to be confined to cases which were formerly of exclusive cognizance in courts of equity, yet it can be extended to no case in which fraud is not the grov/nd or gist of the action.
In the absence of any relation of trust or confidence, fraud in respect to property arises only in connection with some kind of contract, and is determined by the character of the means employed to induce the owner to enter into some agreement in regard to it, contrary to his interest. 2 Hilliard on Torts, 137.
•That the view we have taken as to the meaning of the provision of the statute in question, is in accordance with the legislative understanding, is apparent from the section as amended April 13,1867. S. & S. 541. In the amended section all of the original section is preserved, and a new provision added, declaring, “ that in an action for the wrongful taking of personal property, the cause of action shall not be deemed to have accrued until the discovery of the wrongdoer.”
This new clause seems to have been designed to provide for cases like that before us, and its adoption clearly implies that such cases were not considered as embraced in the provision in regard to actions for relief on the ground of fraud.

Judgment affirmed.

Beinkeehoki', C.J., and Scott, Welch, and Day, JJ., concurred.